UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEMO KELIL,<br><br>                                    Petitioner,<br><br>v.<br><br>IMMIGRATION CUSTOMS AND<br>ENFORCEMENT; et al.,<br><br>                                    Respondents. | Case No.:  26-cv-281-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Elemo Kelil's ("Petitioner") petition for a writ of habeas corpus that was filed on January 16, 2026.  ECF No. 1.  On February 5, 2026, Respondents filed a return to the petition, ECF No. 8, and on February 12, 2026, Petitioner filed a traverse. ECF No. 9.  For the reasons set forth below, the Court **GRANTS** the petition.

## I.      BACKGROUND

On June 27, 2025, Petitioner, a native and citizen of Ethiopia, entered the United States without inspection near Tecate, California. ECF No. 8 at 2.  Border Patrol Agents determined Petitioner to be an arriving alien inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), placed him into expedited removal proceedings under 8 U.S.C. §

1

1225(b)(1), and transferred him to the custody of U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(1)(B). *Id.* An asylum officer subsequently interviewed Petitioner and issued a positive credible fear determination. *Id.* That same day, the Department of Homeland Security ("DHS") issued a Notice to Appear, thereby initiating removal proceedings. *Id.* Petitioner's removal proceedings remain pending, and his individual merits hearing is scheduled for March 31, 2026. *Id.* Petitioner has remained in detention since his arrest on June 27, 2025. *See generally id.*

## II.    STANDARD OF REVIEW

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    DISCUSSION

### A.    Jurisdiction under 8 U.S.C. § 1252(g)

Under 8 U.S.C. § 1252(g), except as otherwise stated, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has made clear, however, that § 1252(g) must be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, at *6, *14–15 (9th Cir. Aug. 27, 2025) (emphasis in original). Section 1252(g) "does not

prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at \*18. Specifically, § 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1032 (9th Cir. 1998). "[The plaintiffs'] objective was not to obtain judicial review of the merits of their . . . proceedings, but rather to enforce their constitutional rights to due process in the context of those proceedings." *Id.* at 1052.

The Court concludes that it has jurisdiction. Petitioner is not challenging Respondents' decision to execute a removal order, which would bar this Court's review. Instead, he challenges the legality of his detention based on alleged violations of statutory, regulatory, and constitutional due process. Such claims fall squarely within the Court's habeas authority. *See Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders."); *accord Kong v. United States*, 62 F.4th 608, 617 (1st Cir. 2023) (interpreting 1252(g) to allow jurisdiction over detention challenges).

**B.      Detention Under 8 U.S.C. § 1225(b)(1)**

Section 1225(b)(1) states that "[i]f an immigration officer determines that an alien…who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7)…and the alien indicates either an intention to apply for asylum…or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer. . ." 8 U.S.C. § 1225(b)(1)(A)(ii). Once the noncitizen has been referred for an interview, "[i]f the [asylum] officer determines at the time of the interview that an alien has a credible fear of persecution…the alien *shall be detained* for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added).

Here, Petitioner is lawfully detained under Section 1225(b)(1). Petitioner is a noncitizen and an applicant for admission. *See* 8 U.S.C. § 1225(a)(1). An immigration officer determined Petitioner was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 8 at 2. Petitioner, however, indicated a fear of persecution, was given an interview,

26-cv-281-BJC-JLB

and received a positive determination. *Id.* These facts demonstrate that Petitioner falls within the purview of Section 1225(b)(1).

### C.    Constitutional Right Against Prolonged Mandatory Detention

Indefinite prolonged detention of an alien raises due process concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights. *See Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025) (listing cases).

This Court finds the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) provides an appropriate assessment of the possible constitutional implications of Petitioner's ongoing detention without a bond hearing. The *Lopez* three-factor test includes an evaluation of (1) the total length of detention, (2) the likely duration of future detention, and (3) delays in the removal proceedings caused by the petitioner and the government. *Id.*

Applying these factors, the Court concludes that Petitioner's detention has become unconstitutionally prolonged. Petitioner has been detained for eight months—well within the range that courts have found unconstitutional without a bond hearing. *See, e.g., Amado v. United States Dep't of Just.*, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (finding detention for over seven months weighs in favor of the petitioner).

Second, the anticipated duration of future detention weighs in Petitioner's favor. Petitioner's individual merits hearing is scheduled for March 31, 2026, ensuring at least an

26-cv-281-BJC-JLB

additional month of detention. If the hearing is continued or if either party appeals the immigration judge's decision, Petitioner's detention will be prolonged even further.

Third, the delay factor also favors Petitioner. Respondents offer no explanation for the nine-month period between Petitioner's entry on June 27, 2025, and his scheduled hearing on March 31, 2026. *See* ECF No. 8 at 2. In the absence of evidence that Petitioner contributed to this delay, the Court attributes it to the ordinary pace of proceedings, which does not justify extended detention without a bond hearing.

Accordingly, after examining the factors set forth in *Lopez v. Garland*, the Court concludes that the length of Petitioner's detention, the likelihood of further delay, and the absence of any evidence that Petitioner caused the delays together demonstrate that continued detention without an individualized bond hearing violates due process.

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS**:

1.  The petition for writ of habeas corpus is **GRANTED**.

2.  Respondents shall immediately release Petitioner.

3.  Respondents are **ENJOINED** from re-detaining Petitioner without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**
Dated:  February 26, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-281-BJC-JLB